IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRIUMPH CHURCH OF GOD
IN CHRIST                                                                                  PLAINTIFF

v.                                              CIVIL ACTION NO. 5:21-CV-6-KS-JCG

CHURCH MUTUAL INSURANCE
COMPANY                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendant's Motion to Dismiss [4] Plaintiff's bad faith and extra-contractual damages claims.

## I. BACKGROUND

This is an insurance dispute arising from a building collapse. In July 2017, a portion of Plaintiff's church building collapsed. The building was insured under an insurance policy issued by Defendant. Plaintiff submitted a claim. Defendant retained an adjuster and engineering firm to investigate and evaluate the claim. In the meantime, Plaintiff hired its own independent adjuster, who conducted an investigation and submitted an estimate of $602,396.78 to Defendant. On November 6, 2017, Defendant sent Plaintiff a letter advising that the claim was denied because the policy did not cover the loss. Defendant's adjuster and engineer determined that the building collapse was caused by "material manufacturing and construction defects."

Plaintiff's adjuster disagreed with Defendant's assessment of the damages. He

then re-inspected the property and provided a revised estimate of $616,069.14. Plaintiff also hired an engineer to inspect the property. Plaintiff's engineer determined that the collapse was caused by the failure of individual members in the roof truss framing, which caused the perimeter walls to bow out and crack.

Plaintiff contends that Defendant ignored the information provided by its public adjuster and engineer, choosing instead to rely on an inaccurate report provided by its own expert after an improper, inadequate, and incomplete investigation. Plaintiff also contends that Defendant failed to make a determination on the claim before the applicable deadline. Plaintiff filed this lawsuit, claiming that Defendant breached the insurance contract in bad faith. Plaintiff seeks actual damages, fees, costs, and punitive damages. Defendant filed a Motion to Dismiss [4] Plaintiff's bad faith and extra-contractual damages claims, which the Court now addresses.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true

"conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

An insured is only entitled to punitive damages if an insurer denied or delayed payment on a claim in bad faith. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008). "A bad faith claim is an independent tort separable in both law and fact from a contract claim." *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 633 (5th Cir. 2015). But success on the underlying breach of contract claim is a condition precedent to recovering on a bad faith claim. *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008). To prove bad faith, an insured must show that the insurer denied or delayed payment on a claim "(1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Broussard*, 523 F.3d at 628. Phrased differently, the insured must prove that the insurer "lacked an arguable or legitimate basis" for denying or delaying the claim, and that the denial or delay "resulted from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort." *James v. State Farm Mut. Auto. Ins Co.*, 743 F.3d 65,

3

70 (5th Cir. 2014). Both elements are "questions of law to be decided by the trial judge." *Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 233 (Miss. 2001).

An insurer has no arguable basis for denying or delaying payment on a claim if "nothing legal or factual would have arguably justified" its position. *Essinger*, 529 F.3d at 272. Conversely, an insurer has an arguable reason "if there is some credible evidence that supports [its] conclusions on the basis of which [it] acts." *Hood v. Sears Roebuck & Co.*, 532 F. Supp. 2d 795, 803 (S.D. Miss. 2005). "The fact that an insurer's decision to deny benefits may ultimately turn out to be incorrect does not in and of itself warrant an award of punitive damages if the decision was reached in good faith." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003).

An insurer's reliance on an independent expert provides, "at the very least, an arguable basis for denying [a] claim." *Hans Const. Co., Inc. v. Phoenix Assur. Co. of New York*, 995 F.2d 53, 55 (5th Cir. 1993); *cf. Cas. Ins. Co. of Tennessee v. Bristow*, 529 So. 2d 620, 623 (Miss. 1988) (physician's statement provided arguable reason for insurer's actions). However, an insurer "has a duty to investigate all relevant information and must make a realistic evaluation of a claim." *Fonte v. Audobon Ins. Co.*, 8 So. 3d 161, 166 (Miss. 2009). "Proper investigation . . . means obtaining all available . . . information relevant to the policyholder's claim." *Lewis v. Equity Nat'l Life Ins. Co.*, 637 So. 2d 183, 187 (Miss. 1994). Likewise, an insurer has a "duty to re-evaluate" a claim as it receives additional information. *Broussard*, 523 F.3d at 629. To qualify as bad faith, though, "the level of negligence in conducting the

4

investigation must be such that a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit." *Id.* at 630.

Defendant argues that Plaintiff's allegations describe a case of dueling adjusters and engineers who reached different conclusions, and that this is not enough to support a legally cognizable claim of bad faith. In response, Plaintiff argues, among other things, that it alleged that Defendant conducted an inadequate investigation, ignoring the findings of its independent experts in favor of its own "outcome-oriented" consultants.

Plaintiff alleged that Defendant's experts did not conduct any additional inspections of the property after receiving a report from Plaintiff's independent engineer. Complaint [1], at 5. Plaintiff further alleged that Defendant "ignored the information provided by the Plaintiff and its public adjuster," and "chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim." *Id.* These allegations are sufficient to state a plausible claim of bad faith in the investigation of Plaintiff's claim.[1]

Defendant contends that Plaintiff did not include enough factual details, describing Plaintiff's allegations as "conclusory." Plaintiff alleged that it provided

---

[1] *See, e.g. Remel v. State Farm Fire & Cas. Co.*, 2009 WL 482131, at *3 (S.D. Miss. Feb. 25, 2009) (where insurer made final decision before considering engineering report, there was genuine dispute of material fact on bad faith); *Spansel v. State Farm Fire & Cas. Co.*, 683 F. Supp. 2d 444, 449 (S.D. Miss. 2010) (where insurer denied claim before an adjuster had viewed the property or photographs of loss, fact question existed as to bad faith); *Fonte*, 8 So. 3d at 166-67 (summary judgment on bad faith improperly granted where adjuster denied portion of claim based solely on geographical location of property).

information in support of its claim to Defendant, that Defendant ignored that information, and that Defendant relied solely on its own retained experts' opinions in support of denial. *Id.* Plaintiff named Defendant's adjuster and retained experts, as well as its own. *Id.* at 3-4. This is sufficient factual detail at this stage of the case. Neither Rule 8 nor case law "require an inordinate amount of detail or precision." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). Rather, Rule 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *Williamson*, 224 F.3d at 434. Plaintiff's Complaint achieves that purpose, and, therefore, it is sufficient.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendant's Motion to Dismiss [4] Plaintiff's bad faith and extra-contractual damages claims.

SO ORDERED AND ADJUDGED this 16th day of April, 2021.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE